JUSTIN PENN (SBN CA 302350)
jpenn@hinshawlaw.com
SARA E. FRANKS (SBN 345940)
sfranks@hinshawlaw.com
HINSHAW & CULBERTSON LLP
350 South Grand Ave., Suite 3600
Los Angeles, CA 90071-3476
Telephone: 213-680-2800
Facsimile: 213-614-7399

Attorneys for Defendant,
SKOPOS FINANCIAL, LLC DBA REPRISE FINANCIAL

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

MELISSA FURMAN and ALEXANDER PHILIPSON, individually and on behalf of all other similarly situated,

Plaintiff,

v.

SKOPOS FINANCIAL, LLC d/b/a REPRISE FINANCIAL; DOES 1-10 Inclusive,

Defendants.

Case No.: 2:25-cv-03080-TLN-DMC

**DEFENDANT SKOPOS FINANCIAL, LLC DBA REPRISE FINANCIAL'S REPLY IN RESPONSE TO PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO STRIKE PORTIONS OF PLAINTIFF'S SECOND AMENDED COMPLAINT**

Action Filed: October 23, 2025
Trial Date: NA

# MEMORANDUM OF POINTS AND AUTHORITIES

Defendant Skopos Financial, LLC dba Reprise Financial ("Defendant" or "Reprise") hereby submits the following Reply in Response to Plaintiffs Melissa Furman and Alexander Philipson's (collectively, the "Plaintiffs") Opposition to Defendant's Motion to Strike Portions of Plaintiffs' Second Amended Class Action Complaint ("SAC").

## I. INTRODUCTION

Whether deliberately or not, Plaintiffs have misconstrued and ignored the driving argument behind Reprise's Motion to Strike. Reprise seeks to strike the PreRecorded Class, and the allegations related to the PreRecorded Class, because, as pled, the PreRecorded Class is ***inconsistent with*** the third cause of action allegedly brought on behalf of the PreRecorded Class. That conforming the PreRecorded Class definition to the third cause of action may create a "fail-safe" class is a problem of Plaintiffs' own making. Reprise is not required to accept and defend against inconsistently plead allegations because Plaintiffs have written their complaint in a manner which has the potential to destroy itself.

As currently pled, the PreRecorded Class is inconsistent with the allegations of the third cause of action which is allegedly brought on behalf of the PreRecorded Class. These inconsistent class allegations should be stricken from the SAC. Thus, Reprise respectfully requests that the PreRecorded Class and the related allegations be stricken from the SAC.

## II. THE PRERECORDED CLASS IS INCONSISTENT WITH THE THIRD CAUSE OF ACTION AND SHOULD BE STRICKEN

Plaintiffs dedicate a large part of their Opposition to two related arguments which essentially argue the same thing – that Reprise's Motion to Strike is premature and better suited to for class certification. However, "[c]lass allegations can be stricken at the pleading stage" where "the class is inconsistent with Plaintiffs' theory of the case." *Sandoval v. Ali*, 34 F. Supp. 3d 1031, 1043-44 (N.D. Cal. 2014); *see also Baton v. Ledger SAS*, 740 F. Supp. 3d 847, 882-83 (N.D. Cal. 2024) (finding it appropriate to strike class allegations at the motion to dismiss stage where the class definition is overly broad); *Kas v. Mercedes-Benz USA, LLC*, 2011 U.S. Dist. LEXIS 161213 at *7 (C.D. Cal. Aug. 23,

///

2011) (A motion to strike may be used "to test the viability of a class at the earliest pleading stage of the litigation"); *Sanders v. Apple, Inc.*, 672 F. Supp. 2d 978, 989-91 (N.D. Cal. 2009). Reprise's motion is not premature where Reprise is seeking to strike allegations which are inconsistent with Plaintiffs' theory of their third cause of action and where these inconsistencies are obvious on the face of the SAC.

Here, Plaintiffs' PreRecorded Class is inconsistent with their theory of liability. Plaintiffs explicitly allege in their third cause of action that "Defendant did not have prior express consent to call the telephones of Plaintiff and the other members of the putative Class when its calls were made" and "has, therefore, violated §§ 227(b)(1)(A)(iii), 64.1200(a)(1)(iii), and 64.1200(a)(2) by using prerecorded messages to make nonemergency telephone calls to the cellular telephones of Plaintiff and the other members of the putative Class without their consent." [SAC, ¶¶ 90-91.] Lack of consent is an essential element to Plaintiffs' theory of liability and is directly woven into Plaintiffs' allegations under the third cause of action. Yet, Plaintiffs fail to include consent as a prerequisite in the proposed PreRecorded Class. Under Ninth Circuit law, "the class definition must be 'reasonably co-extensive' with the plaintiff's 'chosen theory of liability'" and "[i]f the proposed class includes a distinct subset of members who were not misled, who were not injured, who could not possibly recover, and who would be easy to weed out at the front end, then the proposed class membership does not 'fit the theory of legal liability.'" *Jensen v. Natrol, LLC*, 2020 U.S. Dist. LEXIS 13214 at * 2 (N.D. Cal. Jan. 27, 2020) citing *Ruiz Torres v. Mercer Canyons Inc.*, 835 F.3d 1125 (9th Cir. 2016). By failing to include consent as part of the PreRecorded Class definition while including it as an essential element in the theory of liability in the third cause of action, Plaintiffs have failed to allege a class definition which is reasonably coextensive with their chosen theory of liability and have, instead alleged a class definition which would include a large subset of persons who were not injured under the TCPA because they consented to receiving communications from Reprise before receiving the described phone call.

Reprise does not dispute that including lack of consent as a prerequisite to membership in the PreRecorded Class may transform the PreRecorded Class into a fail-safe class. *See Torres*, 835 F.3d

///

at 1138 n.7 (acknowledging that defining the class to include only injured members threatens a fail-safe class). However, despite the possibility of creating a fail-safe class, the Ninth Circuit still requires "a reasonably close fit between the class definition and the chosen theory of liability." *Id.* Plaintiffs have not fulfilled this requirement.

Requiring the alleged phone calls to be made without consent in order for a violation of the TCPA to be found under the third cause of action and then ignoring this requirement in the class definition does not constitute a "reasonably close fit" between the class definition and theory of liability. This is especially true where, here, a large subset of the PreRecorded Class as proposed by Plaintiffs will not be injured under the TCPA because they did consent. Reprise makes the calls at issue pursuant to an application which is initiated by the recipient of the phone call and to telephone numbers provided to Reprise pursuant to these applications. [Declaration of David Hogan in Support of Motion to Dismiss Second Amended Complaint (ECF No. 24-1), ¶¶ 5, 8, 12.] Thus, Reprise had consent to call the persons it called pursuant to the applications putative class members themselves submitted. Plaintiffs included lack of consent as an element to their theory of liability under the third cause of action because they cannot succeed in their a cause of action under the TCPA without lack of consent. Plaintiffs should not be permitted to ignore this element in their related class definition in order to avoid creation of a fail-safe class and attempt to avoid a negative ruling at class certification.

Plaintiffs cannot plead a class definition which is explicitly inconsistent with their theory of liability as attempted here. Plaintiffs argue in their Opposition that pleading a class definition consistent with their theory of liability will create an impermissible fail-safe class. [Opposition, p. 7:13.] As neither pleading a fail-safe class nor pleading a class definition which is entirely inconsistent with the theory of liability is permitted, the solution is to strike the PreRecorded Class as sought by Reprise through this motion.

Plaintiffs have failed to propose a class which represents persons who experienced a violation of the TCPA as alleged in the third cause of action and there is no reasonably close fit between the PreRecorded Class and Plaintiffs' third cause of action which is purportedly brought on behalf of the PreRecorded Class. Plaintiffs' overbroad and inconsistent pleading requires that the PreRecorded

///

Class, and all allegations related to it, be stricken from the SAC. *See See Sandoval v. Ali*, 34 F. Supp. 3d 1031, 1043-44 (N.D. Cal. 2014).

## III. CONCLUSION

For the reasons set forth herein, the PreRecorded Class and the portions of the Second Amended Complaint related to it should stricken without leave to amend.

DATED: May 4, 2026

HINSHAW & CULBERTSON LLP

By: */s/ Justin Penn*
JUSTIN PENN
SARA E. FRANKS
Attorneys for Defendant
SKOPOS FINANCIAL, LLC DBA REPRISE FINANCIAL